# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-742V
### Filed: October 6, 2016
TO BE PUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
KELLIE M. DIPIETRO,                    *
                                       *
                    Petitioner,        *
v.                                     *
                                       *     Attorneys' Fees and Costs;
SECRETARY OF HEALTH                    *     Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
                    Respondent.        *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 16, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of her October 17, 2014 influenza vaccination. On February 23, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 22). Petitioner now moves for attorneys' fees and costs, which are awarded in the amount of $25,355.75, reduced from $28,604.75 for the reasons described below.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Procedural History**

On May 5, 2016, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 26).  Petitioner requested attorneys' fees in the amount of $21,344.50 and attorneys' costs in the amount of $827.75 for a total amount of $22,172.25.[3]  *Id.* at 1.  Billing records filed with the motion reflect requested billing rates of $400 per hour for Ms. Durant for work performed during 2015 and $415 per hour for work performed in 2016. (ECF No. 26-1.)  Paralegal work was billed at a rate of $140 per hour in both years. (*Id*.)

On May 12, 2016, respondent filed a response to petitioner's motion.  (ECF No. 28).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00  to $14,000.00" but provides little basis or explanation for how she arrived at this proposed range, citing only five prior SIRVA cases.  *Id.* at 3.  Respondent did not address the question of what would constitute an appropriate hourly rate for petitioner's counsel.  Petitioner opted not to file a reply.

Upon review of petitioner's motion, the undersigned determined that there was no record evidence upon which to determine an appropriate hourly rate for petitioner's counsel.  On June 10, 2016, petitioner was ordered to file a supplemental brief in support of the fee application addressing the basis for the requested hourly rates. (ECF No. 29.)  Petitioner's counsel filed her supplemental brief on August 22, 2016. (ECF No. 37.)  Petitioner also filed a supplemental motion for attorneys' fees requesting compensation for an additional 14.5 hours of work for preparing the supplemental brief, amounting to an additional $6,017.50 at the requested hourly rate and bringing the total amount requested to $28,189.75. (ECF No. 38)

On September 2, 2016, respondent filed a supplemental response reasserting her position in light of petitioner's supplemental brief. (ECF No. 39.) On September 12, 2016, petitioner filed a further reply noting the "rote" nature of respondent's briefing and stressing that petitioner's evidence regarding hourly rates is unrebutted. (ECF No. 40.) Petitioner requested a further hour of compensation at a rate of $415 per hour for work performed in response to respondent's supplemental response, bringing the total amount requested to $28,604.75. (*Id.*, p. 3.)

Petitioner's counsel has confirmed that her hourly rate has never been the subject of any reasoned determination by any special master.  Specifically, petitioner's

---

[3] In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

counsel indicated that she has made six applications for fees and costs in the Vaccine Program including the instant request.  (ECF No. 37, p. 10.)  In two prior cases the award of fees was made pursuant to a stipulation between the parties.  (*Id*.)  Accordingly, counsel's rates were not disclosed to the special master in those instances.  Petitioner's counsel identified one prior award of fees made based on an unopposed motion.  (*Id*.)  In that case, the special master awarded the requested fees based on the fact that the overall amount was reasonable and appropriate and did not specifically address counsel's hourly rate. *Rajotte v. HHS*, 15-1218V, 2016 WL 3211216 (Fed. Cl. Spec. Mstr. May 9, 2016).  The remaining two fee applications identified by petitioner's counsel remain pending before the undersigned as part of the Special Processing Unit.

## II.    Background Information About Attorneys' Fees and Costs Litigation

Prior to 2016, respondent routinely resolved attorneys' fees and costs informally by stipulation, such as in the two instances of stipulated fees identified in Ms. Durant's brief.  (ECF No. 37, p. 10.) Many of these stipulations were based, in part, on ongoing agreements between respondent and the petitioner's counsel of record.  *See, e.g., Dorego v. HHS*, 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016) (describing respondent's prior agreement with the Homer firm spanning from 2006 until 2015).  The breakdown of respondent's agreement with the Homer firm led to Special Master Gowen's below-discussed decision *McCulloch v. HHS*, 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), regarding appropriate forum rates for the Vaccine Program, the reasoning and hourly rates from which have since been widely followed.  Respondent did not seek review of the *McCulloch* decision, but instead contended in subsequent cases that while respondent "stands by the arguments and evidence she put forth in *McCulloch* . . . in light of the decision in *McCulloch* . . . respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." *Dorego*, 2016 WL 1635826 at *3 (quoting respondent's response to petitioner's motion for attorneys' fees and costs).

Beginning in early 2016 respondent began routinely asserting in many cases, as she does in this case, that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (ECF No. 28, p. 1.)  Respondent has further declined to continue entering into stipulations regarding attorneys' fees and costs, stating that "[r]espondent no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs, which it previously provided as a courtesy to the Court.  In addition, in respondent's experience, providing detailed objections leads to a 'second major litigation' over fees, as cautioned against by the Supreme Court in *Fox*, as well as supplemental fee requests that are routinely granted by the Court (i.e., 'fees for fees'), which negated any purpose of the objections asserted by respondent." (ECF No. 28, p. 3, fn. 1.)

### III.    Petitioner's Counsel's Affidavit

With her supplemental brief, petitioner's counsel included an affidavit setting forth details of her background, education and experience. (ECF No. 37-1.)  Ms. Durant is a 2004 graduate of the University of Maryland School of Law. (*Id*. at ¶ 2.) She has been admitted to practice before several state and federal bars, including the U.S. Court of Federal Claims in 2008. (*Id*. at ¶¶ 1, 2, 7.)

Following law school, from 2004 to 2006, Ms. Durant worked for a public policy non-profit organization where she wrote trial motions and briefs on subject matter including health care, immigration, and civil rights. (*Id*. at ¶ 4.)  She began working as a trial attorney for the U.S. Department of Justice Civil Division in 2006. (*Id*. at ¶ 5.)  In that position, Ms. Durant performed both trial and appellate work as well as engaging in alternative dispute resolution. (*Id*.)

Ms. Durant left the Department of Justice in 2008 to start a public policy advocacy group. (*Id*. at ¶ 6.)  Three years later, she opened her own law offices in Washington, D.C. (*Id*.)  In 2013, Ms. Durant began accepting clients with vaccine claims. (*Id*. at ¶ 7.)  As of her filing, she reports having 47 active vaccine cases and 30 vaccine cases in process for a total of 77 vaccine clients.[4] (*Id*.)

### IV.    The Special Master's Authority to Determine the Amount of Fees and Costs

Since the petition for compensation was successful, the undersigned will award *reasonable* attorneys' fees and costs to petitioner. *See* § 15(e)(1) (emphasis added). Reasonable attorneys' fees and costs in Vaccine Act cases are determined using the lodestar approach.  *Avera v. HHS*, 515 F.3d 1343,1347-48 (Fed. Cir. 2008.)

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

Petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award. *Wasson,* 24 Cl.Ct. at 484. Notwithstanding respondent's failure to raise any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy [herself] that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."

---

[4] In her September 12, 2016 reply brief petitioner's counsel noted that these numbers have increased with subsequent filings. (ECF No. 40, p. 2, fn. 1.)

*Duncan v. HHS*, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008).  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that [she] might go beyond the particularized list of respondent's challenges." *Id*.

## V.  Determining Petitioner's Counsel's Hourly Rates

The appropriate hourly rate for counsel in Vaccine Act litigation is the forum rate, unless the "*Davis* exception" applies. *Avera,* 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA,* 169 F.3d 755 (DC Cir.1999)); *see also Rodriguez v. HHS,* 632 F.3d 1381, 1384 (Fed.Cir.2011) (affirming a determination of the forum rate in Vaccine Act cases). The *Davis* exception applies when the bulk of the work in a case is performed outside the forum (Washington, DC, in Vaccine Act cases), and there is a very significant difference between local and forum rates. *Avera,* 515 F.3d at 1349.  Since petitioner's counsel maintains her office in Washington, DC, there is no question that she is entitled to a forum rate.  The only question is what constitutes a reasonable hourly rate "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 (1984).)

In support of her requested rates, petitioner's counsel urges that her retainer agreements in non-vaccine cases, respondent's acceptance of the requested rates in prior instances, the retainer agreement signed by petitioner in the instant case[5], and data such as the Laffey Matrix and the Real Rate Report ("RRR"), all support her requested rates.[6] (ECF No. 37, pp. 8-19.)  In her supplemental brief, petitioner's counsel also discusses at length Special Master Gowen's fee decision in the *McCulloch* case, which exhaustively examined the question of appropriate hourly rates in the Vaccine Program and established tiered ranges of reasonable attorney rates based on years of legal experience. *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[7]

---

[5] Ms. DiPietro's retainer, though it does cite a rate of $400 per hour, is not dispositive in that it clearly and appropriately states that the client is not responsible for paying the attorneys' fees and costs in the matter. (ECF No. 37-5.) *See* 42 U.S.C. § 300aa-15(e)(3) (stating that "No attorney may charge any fee for services in connection with a petition filed under [the Vaccine Act] which is in addition to any amount awarded as compensation by the special master or court . . .")

[6] Counsel also notes that she employs part-time contractors, including a physician's assistant, who aid in the administration of her office. (ECF No. 37, p. 7.)  Other than her paralegal, however, counsel does not identify these employees by name, provide their qualifications, or in any way suggest that she bills clients for their time.  No billing entries for such staff are included in her billing records. The undersigned accepts the requested paralegal rate of $140 per hour as reasonable.

[7] Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. HHS*, No. 14-762V, --- Fed. Cl. ---, 2016 U.S. Claims LEXIS 1274, (Fed. Cl. Aug. 17, 2016).

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch,* 2015 WL 5634323, at *17.

Applying those factors, Special Master Gowen found that a reasonable forum rate for Vaccine Program cases is: $350-425 per hour for attorneys with 20 or more years of experience, $300-375 an hour for attorneys with 11 to 19 years of experience, $275 to $350 an hour for attorneys with eight to ten years of experience, and $225 to $300 per hour for attorneys with four to seven years of experience. *McCulloch,* 2015 WL 5634323, at *19. Special Master Gowen further noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id*.

The undersigned finds the *McCulloch* decision, which is extensively reasoned, to be highly persuasive and adopts its reasoning, as well as the above ranges, for the instant analysis. Significantly, in developing the above ranges, the *McCulloch* decision specifically addressed the Real Rate Report and Laffey Matrix, both of which were raised by petitioner in this case.[8]

In *McCulloch*, several attorneys were awarded the rates Ms. Durant requests ($400/$415), but those attorneys all had 20 or more years of experience in the Vaccine Program.[9]  *McCulloch,* 2015 WL 5634323, at *21.  Subsequently, in *Boylston v. HHS*,

---

[8] In addition to the 2014-2015 Laffey Matrix examined in *McCulloch*, petitioner also includes in support of her motion the updated Laffey Matrix for 2015-2016.  Petitioner also cites an updated 2015 Real Rate Report.

[9] Specifically, the following rates were awarded in the *McCulloch* decision:

| | |
|---|---|
| Kevin Conway (45 years legal experience, 26 years vaccine experience) | $415 |
| Ronald Homer (24 years legal experience, 22 years vaccine experience) | $400 |
| Sylvia Chin-Caplan (30 years legal experience, 22 years vaccine experience) | $400 |
| Christine Ciampolillo (6 years vaccine experience) | $300 |
| Amy Schwader (7 years vaccine experience) | $285 |
| Joseph Pepper (6 years legal experience, 5 years vaccine experience) | $290 |
| Meredith Daniels (5 years vaccine experience) | $280 |
| Law Clerks | $145 |
| Paralegals | $135 |

*McCulloch*, 2015 WL 5634323 at *19-21.

11-117V, several other attorneys with significantly more experience than Ms. Durant were also awarded forum rates based on the *McCulloch* framework at or below the rates requested here. 2016 WL 3080574, at *3 (Fed. Cl. Spec. Mstr. May 10, 2016) (awarding rates of between $400-$430 to Clifford Shoemaker and Renee Gentry, both of whom have over 20 years of legal experience and extensive vaccine litigation experience, for work performed in 2015 and 2016). *See also Garrison v. HHS*, 14-762V, 2016 WL 3022076, at *8 (Fed. Cl. Spec Mstr. April 29, 2016), *aff'd* --- Fed. Cl. ---[10] (Fed Cl. 2016) (awarding a forum rate of $387.50 to Curtis Webb, an attorney with 31 years of legal experience and 27 years of experience in the Vaccine Program specifically).

Attorneys with experience more comparable to Ms. Durant's have been awarded much less than the instant request.  For example, in *Boylston, supra*, while attorneys Shoemaker and Gentry were awarded rates over $400 per hour, Sabrina Knickelbein, an attorney with 14 years of experience, was awarded hourly rates of between $350-365 for work performed in 2015 and 2016. 2016 WL 3080574, at *3. *See also L.A. v. HHS*, 12-629V, 2016 WL 1104860 (Fed. Cl. Spec. Mstr. Feb. 29, 2016)(following *McCulloch* and awarding Ms. Knickelbein $350 for work performed in 2015).  Additional decisions awarding attorneys' fees under the *McCulloch* framework include: *Harborth v. HHS*, 08-777V, 2016 WL 3176545 (Fed. Cl. Spec. Mstr. May 18, 2016)(finding reasonable rates for attorney Scott Doody, with legal experience of between 6-11 years of experience, ranging from $225 per hour for work performed in 2008 to $300 per hour for work performed from 2013 to the present); *Rodd v. HHS*, 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. April 13, 2016)(finding reasonable rates of $400 per hour for Lawrence Cohan, an attorney with 36 years of legal experience and 25 years of vaccine experience, but $275 per hour for David Carney, an attorney with 5.5 years of vaccine experience); and *Dineen v. HHS*, 15-700V, 2016 WL 1627199 (Fed. Cl. Spec. Mstr. April 4, 2016)(ratifying as reasonable a requested rate of $350 per hour for Martin Martinez, an attorney with 35 years of legal experience, but significantly less vaccine experience).

The undersigned concludes that Ms. Durant has described a work history sufficient to warrant compensation at the 11-19 year experience level identified in *McCulloch* ($300-$375).  However, her overall level of experience remains at the low end of that spectrum and she has only two to three years of vaccine experience.  Thus, based on the above, as well as upon the information provided in petitioner's counsel's affidavit and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that $350 per hour constitutes a reasonable hourly rate for an attorney of petitioner's counsel's skill, experience, and reputation for 2015 and 2016.

Although petitioner presents a case that prevailing rates in Washington, DC, are higher for other areas of litigation, this is not dispositive in the face of the well-

---

[10] Currently available at 2016 U.S. Claims LEXIS 1274.

established forum rates specific to the Vaccine Program. Accepting such higher rates in preference to rates paid to other vaccine practitioners would not be equitable to other members of the Vaccine Bar or consistent with the Federal Circuit guidance. *See, Avera*, 515 F.3d at 1348 (defining the prevailing market rate as being limited to lawyers providing similar services). As the Federal Circuit has noted, in Vaccine Act cases fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton*, 3 F.3d at 1520 (quoting H.R. Rep. No. 99-908, at 36 reprinted in 1986 U.S.C.C.A.N. 6344, 6377).

## VI.    Reasonable Number of Hours and Requested Costs

Based on a review of the records, the undersigned calculates that petitioner's counsel billed for 43.7 hours of work.  (Counsel's billing records did not include a tabulation.) Additionally, 27.2 hours of paralegal work were billed.  The undersigned finds these totals to be reasonable.  The undersigned also accepts as reasonable the additional request for compensation for 14.5 hours to prepare the supplemental brief regarding petitioner's counsel's hourly rates and a further one hour to prepare the final reply.  Thus, Ms. Durant's hours total 59.2.  Additionally, the undersigned accepts the expenses claimed by counsel to be reasonable.

## VII.    Conclusion

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees as follows:

| | |
|---|---|
| 59.2 Hours (at $350 per hour) for Ms. Durant: | $20,720.00 |
| 27.2 Hours (at $140 per hour) for paralegal work: | $3,808.00 |
| Costs: | $827.75 |
| **Total Attorneys' Fees and Costs Awarded:** | **$25,355.75** |

**Accordingly, the undersigned awards a lump sum of $25,355.75, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Leah V. Durant, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.